Joshua Trigsted
jtrigsted@attorneysforconsumers.com
Bar No. 13126
Trigsted Law Group
Corporate Headquarters
5200 SW Meadows Rd., Ste. 150
Lake Oswego, OR 97035
(888) 595-9111

Co-counsel with Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Attorneys for Plaintiff
*Pro Hac application to be submitted*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Odette Lecler,<br><br>   Plaintiff,<br><br>vs.<br><br>GE Capital Retail Bank,<br><br>   Defendant. | **COMPLAINT**<br><br>Case No. 2:13-cv-00731-DBP<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF ACTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

1

**PARTIES**

4. Plaintiff, Odette Lecler ("Plaintiff"), is a natural person.

5. Defendant, GE Capital Retail Bank ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a debt from Plaintiff.

**FACTUAL ALLEGATIONS**

6. Prior to October 2012, Plaintiff's daughter applied for credit with Defendant.

7. Upon information and good-faith belief, Plaintiff's daughter listed Plaintiff's cellular telephone number on the application.

8. Plaintiff never provided Defendant express written consent to place calls to her cellular phone, using an automatic dialing system or otherwise.

9. Prior to October 2012, Defendant began placing calls to Plaintiff's cellular telephone number.

10. Defendant placed calls to Plaintiff's cellular telephone number, including, but not limited to, the following dates and times:

1) October 3, 2012 at 12:56 P.M.;
2) October 4, 2012 at 11:58 A.M.;
3) October 5, 2012 at 11:57 A.M.;
4) October 6, 2012 at 8:24 A.M.;
5) October 6, 2012 at 12:56 P.M.;
6) October 6, 2012 at 3:16 P.M.;
7) October 6, 2012 at 4:30 P.M.;
8) October 7, 2012 at 11:01 A.M.;
9) October 7, 2012 at 12:31 P.M.;
10) October 7, 2012 at 2:29 P.M.;
11) October 7, 2012 at 4:30 P.M.;
12) October 8, 2012 at 9:16 A.M.;
13) October 8, 2012 at 2:56 P.M.;
14) October 8, 2012 at 8:00 P.M.;
15) October 9, 2012 at 10:48 A.M.;
16) October 9, 2012 at 3:29 P.M.;

17) October 9, 2012 at 8:29 P.M.;
18) October 9, 2012 at 8:58 P.M.; and
19) October 11, 2012.

11. In its October 5, 2012 at 11:57 A.M., October 6, 2012 at 4:30 P.M., October 7, 2012 at 4:30 P.M., and October 8, 2012 at 8:00 P.M. telephone calls, Defendant delivered a voicemail message using an artificial or prerecorded voice.

12. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

13. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

14. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

15. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff voluntarily.

16. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff under its own free will.

17. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

18. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

19. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

20. Plaintiff repeats and re-alleges each and every factual allegation above.

21. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 1st day of August, 2013.

**TRIGSTED LAW GROUP, P.C.**

____s/Joshua Trigsted_____
Joshua Trigsted
*Attorney for the Plaintiff*
Co-counsel with Weisberg & Meyers, LLC